951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Nelson BLAIR, Petitioner-Appellant,
v.
Sherman T. BLOCK, Sheriff; Ruth Rushen; Attorney General
for the State of California, Respondents-Appellees.
 No. 90-55940.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1991.*
Decided Dec. 19, 1991.
 
 Before PREGERSON, CANBY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner James Blair appeals the district court's dismissal of his writ of habeas corpus for his attempted murder conviction.[1] We review habeas corpus decisions de novo. Zimmerlee v. Keeny, 831 F.2d 183, 185 (9th Cir.1987).
 
 
 3
 While petitioner's habeas writ was pending, the attempted murder victim died. In a subsequent trial, petitioner was sentenced to death upon his conviction of special circumstance murder, murder by poison. By operation of California law, petitioner's sentence for attempted murder was suspended. Cal.Penal Code § 654. Accordingly, the federal district court dismissed as moot the habeas petition relating to the attempted murder conviction.
 
 
 4
 A petition for habeas relief must be within the jurisdiction of the court and must not be moot. Tyers v. Finner, 709 F.2d 1274, 1279 (9th Cir.1983). To have jurisdiction, a court must determine that a petitioner is "in custody." 28 U.S.C. § 2241. The district court held that petitioner was no longer "in custody" for his attempted murder conviction because his attempted murder sentence merged into his death sentence. Petitioner challenged the district court's ruling on the grounds that "in custody" status is determined at the time a habeas petition is filed. Maleng v. Cook, 109 S.Ct. 1923 (1989); Carafas v. Lavalle, 391 U.S. 234 (1968). Petitioner argues that he satisfies the custody requirement because when he filed for habeas relief he was in custody under his attempted murder conviction.
 
 
 5
 Cases addressing whether a habeas petitioner is "in custody" typically involve situations in which an inmate has been released from confinement while a habeas petition is pending. See, e.g., Carafas, 391 U.S. at 238 (1968); Tyers, 709 F.2d at 1279. The issue in such cases is whether a prisoner who is not physically in custody is "in custody" for the purposes of jurisdiction. By contrast, in this case Blair remained in physical custody but under a new sentence for the same action. Petitioner offers no authority for the proposition that a habeas petitioner whose sentence has been converted to another sentence for the same offense remains "in custody" for the first offense.
 
 
 6
 Even assuming that the "in custody" requirement has been met, petitioner must also establish that the case has not been rendered moot by the suspension of his sentence. Murphy v. Hunt, 455 U.S. 478 (1982). In this case, the attempted murder sentence merged into his murder sentence and Blair was convicted of murder as if the attempted murder conviction had not existed. Thus, any constitutional defect which may have existed in his attempted murder sentence no longer impacts on the validity of his confinement. Furthermore, should the same defect be present in his murder conviction, petitioner can raise this issue on direct appeal or in a habeas petition for his murder sentence.[2]
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner has already sought and been denied habeas relief once before in federal district court as well as in California state court
 
 
 [2]
 Petitioner's writ of habeas corpus for his murder conviction is pending before another panel of this circuit in case number 91-56093